IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VALNET INC.<br>and HASSAN YOUSSEF,<br><br>        Plaintiffs,<br><br>        v.<br><br>THE WRAP NEWS INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 25-507-JLH<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

Pending before the Court is Defendant The Wrap News Inc.'s Motion to Transfer Venue to the United States District Court for the Central District of California (D.I. 16). The Motion has been fully briefed. (D.I. 16, 17, 20, 21, 23–25, 28.) For the reasons set forth below, the Motion will be GRANTED.

1. Section 1404(a) of Title 28 provides (in pertinent part) that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). In evaluating a motion to transfer, the Court must first determine whether the case could have been brought in the district to which the movant wishes to transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). If so, the Court then considers the non-exclusive list of twelve factors set forth in *Jumara* in determining whether to transfer. Six of those interests are private in nature:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be

> unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* at 879 (internal citations omitted). The other six are public in nature:

> [7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (internal citations omitted). Factor [1] is usually given "paramount consideration." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *see also Jumara*, 55 F.3d at 879 (explaining that the plaintiff's choice of venue "should not be lightly disturbed" (citations omitted)).

2. The parties do not dispute that this action could have been brought in the Central District of California, which is where Defendant has its principal place of business, and where the article at issue was written, researched, and edited. (D.I. 28 at 1.)

3. The *Jumara* factors weigh in favor of transfer. Factor [1] weighs against transfer. However, while factor [1] is often given "paramount consideration," it is not dispositive. Factors [2] and [3] weigh in favor of transfer, as Defendant prefers to litigate in California; and the events giving rise to the claim happened in California (in particular, the research, writing, and editing of the article at the center of this litigation). Factor [4] favors transfer, as no party is physically located in Delaware and Defendant's principal place of business is in California. Relevant books and records are in California (D.I. 28 at 9–10), but I'll assume that Factor [6] is neutral since no one suggests they couldn't be produced in Delaware.

4. As for Factors [5] and [8], Defendant has identified at least eight witnesses, including five non-party witnesses, who live in or near California and may not be available for

trial here. (D.I. 17 at 9; D.I. 20 ¶¶ 3, 6–7; D.I. 28 at 4.)  Plaintiffs have not identified any witnesses in Delaware, and they instead propose that Defendant's witnesses may testify by videoconference should the case proceed to trial.  (D.I. 23 at 13–14.)  I find that factors [5] and [8] favor transfer.  Factors [7], [9], [10], and [12] are neutral.  For purposes of the argument only, I'll assume that factor [11] is neutral, but I note that Defendant's reporter and editorial staff wrote the article at issue in California, which has significant public policy interests in safeguarding the free speech of its own citizens.  *See CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1141 (9th Cir. 2022) (reaffirming the Ninth Circuit's precedent of routinely applying the California anti-SLAPP statute in federal court).

5.  Having considered the relevant factors, the Court will exercise its discretion to transfer this matter to the Central District of California.  The Clerk of Court shall transfer this action to the United States District Court for the Central District of California.

Dated: December 31, 2025

                                             The Honorable Jennifer L. Hall
                                             UNITED STATES DISTRICT JUDGE